# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1112018546 |
| | ) | |
| PAUL LACOMBE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 24, 2018
Decided: April 30, 2018

Upon Defendant's Amended Motion for Postconviction Relief,

**DENIED.**

## ORDER

Andrew J. Vella, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Herbert W. Mondros, Esquire, Margolis Edelstein, 300 Delaware Avenue, Suite 800, Wilmington, DE 19801; Karl Schwartz, Esquire, Law Office of Karl Schwartz, P.O. Box 8846, Elkins Park, PA 19027; Attorneys for Defendant Paul Lacombe.

**WHARTON, J.**

This 30th day of April, 2018, upon consideration of Defendant Paul Lacombe's ("Lacombe") timely Amended Motion for Postconviction Relief ("APCR),[1] the State's Response,[2] Lacombe's Reply,[3] and the record in this matter, it appears to the Court that:

1.    On January 30, 2012, Lacombe was indicted by the Grand Jury on the charges of Murder First Degree (four counts, two of which were felony murder counts, involving two victims), Attempted Robbery First Degree (two counts), Conspiracy Second Degree and Possession of a Firearm During the Commission of a Felony (six counts).[4] The State determined to seek the death penalty.[5] Lacombe's motion for a psychological examination, filed by defense counsel, was granted on August 23, 2012, and a report filed on November 7, 2012.[6] Lacombe's attorney also filed a suppression motion on December 13, 2012.[7] On March 19, 2013, Lacombe entered a plea of guilty but mentally ill to the charges of Murder First Degree and Conspiracy Second Degree, simultaneously withdrawing his suppression motion.[8] After entering his plea, but before sentencing, trial counsel filed a Motion to Withdraw Plea on Lacombe's behalf, attaching Lacombe's handwritten letter

---

[1] D.I. 129.
[2] D.I. 139.
[3] D.I. 141.
[4] D.I. 3.
[5] D.I. 6.
[6] D.I. 14, 24.
[7] D.I. 25.
[8] D.I. 35.

2

making that request.[9] Lacombe supplemented that motion with his own *pro se* letter explaining why he wanted to withdraw his plea and why he sought new counsel,[10] which was forwarded to the Court by trial counsel.[11] On September 17, 2013 the judge then assigned to the case issued an Opinion and Order denying Lacombe's motion to withdraw.[12] Lacombe was sentenced on September 17, 2013.[13] The Delaware Supreme Court affirmed his conviction and sentence, finding that Lacombe's appeal was wholly without merit and devoid of any arguably appealable issue.[14] On August 5, 2015, Lacombe filed a *pro se* Motion for Postconviction Relief, raising ineffective assistance of counsel, actual innocence and competency claims.[15] Lacombe was appointed counsel who subsequently moved to withdraw after determining that there were no meritorious claims that he could ethically advocate and that he was unaware of any potential meritorious grounds for relief.[16] Prior to the Trial Court ruling on appointed counsel's motion to withdraw and Lacombe's postconviction relief motion, current counsel entered an appearance on Lacombe's behalf.[17] New counsel filed the APCR Motion now pending.[18]

---

[9] D.I. 81.
[10] D.I. 87.
[11] D.I. 88.
[12] D.I. 91.
[13] D.I. 92.
[14] *Lacombe v. State,* 2014 WL 1407834 (Del.).
[15] D.I. 103.
[16] D.I. 116.
[17] D.I. 122.
[18] D.I. 129.

Subsequently, the assigned judge retired, and the matter was reassigned to this judge on January 24, 2018.

2. In his APCR Motion, Lacombe presses claims of ineffective assistance of counsel, as well as an allegation that the entry of his plea was defective in light of *Rauf v. State*.[19] He alleges that his attorney was ineffective by "abandoning [him] and requiring him to fend for himself at the most critical stage of the proceeding;"[20] Lacombe further alleges that counsel was ineffective because she performed deficiently in pleading the motion to withdraw Lacombe's guilty plea in that she failed to demonstrate that: 1) the State would not be prejudiced by withdrawal of the plea;[21] 2) the plea was not knowingly and voluntarily entered;[22] and 3) Lacombe had a basis to assert legal innocence.[23] Lacombe claims counsel was also deficient by failing to raise a constitutional challenge to Delaware's death penalty statute.[24] Finally, Lacombe argues that *Rauf* should be applied retroactively so as to invalidate his guilty plea.[25]

3. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule

---

[19] 145 A.3d 430 (Del. 2016).
[20] APCR at 22; D.I. 129.
[21] *Id.* at 33.
[22] *Id.* at 36.
[23] *Id.* at 45.
[24] *Id.* at 55.
[25] *Id.* at 58.

61(i).[26] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[27]

    4.    Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[28] A motion is considered repetitive and therefore barred if it asserts any ground for relief "not asserted in a prior post-conviction proceeding."[29] Repetitive motions are only considered if it is "warranted in the interest of justice."[30] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[31] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[32] Former adjudications are only reconsidered if "warranted in the interest of justice."[33]

---

[26] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[27] *Id.*
[28] Super. Ct. Crim. R. 61(i)(1).
[29] Super. Ct. Crim. R. 61(i)(2).
[30] *Id.*
[31] Super. Ct. Crim. R. 61(i)(3).
[32] Super. Ct. Crim. R. 61(i)(4).
[33] *Id.*

4.  This APCR Motion is a timely first motion for postconviction relief, alleging ineffective assistance of counsel. Accordingly, the Court will consider the motion on its merits.

5.  To successfully bring an ineffective assistance of counsel claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[34] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[35] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[36] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[37] A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[38] When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a challenged guilty plea, an inmate must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

---

[34] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[35] *Id.* at 667-68.
[36] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[37] *Strickland*, 446 U.S. at 689.
[38] *Id.* at 694.

6

insisted on going to trial."[39] An inmate must satisfy the proof requirements of both prongs to succeed on an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[40] Lacombe cannot demonstrate that counsel's performance was deficient and/or that he would have insisted on going to trial.

6.    The Court turns first to the ineffective assistance of counsel claims associated with Lacombe's failed motion to withdraw his guilty plea. Although not dispositive, the Court is informed by the decision of the Trial Court denying that motion. First Lacombe asserts as fact that counsel "inexplicitly abandoned" Lacombe at the most critical stage of the proceeding, just prior to sentencing, and after he had expressed a desire to withdraw his plea. This Court finds otherwise. During this period, counsel continued to prepare for sentencing, even though the sentence to be imposed was mandatory, and continued to explore with Lacombe the reasons why he wished to withdraw his plea.[41] To the contrary, it was Lacombe who ceased to cooperate with counsel and made communication between himself and counsel difficult.

---

[39] *Albury v. State,* 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)); *Sartin v. State,* 2014 WL 5392047 at *2 (Del.); *State v. Hackett,* 2005 WL 30609076 at *3 (Del. Super. Ct.).

[40] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

[41] *See,* Aff. Kathryn Van Amerongen, Esquire, D.I. 138.

7

7. The Court also rejects Lacombe's argument that counsel was to blame for deficiencies in the motion to withdraw his guilty plea. Motions to withdraw guilty pleas are almost always client initiated and draw heavily upon the client's expressed reasons for withdrawing the plea as support for them. Here, apart from his letters, which counsel forwarded to the court in support of the motion, Lacombe was uncooperative with counsel, leaving counsel with little information with which to advance the motion.[42]

8. With regard to the claim that counsel failed to demonstrate that the State would not be prejudiced by granting the motion, the Court turns to and the relies on the opinion of the Trial Court in assessing any claimed prejudice to Lacombe. The Trial Court found that in addition to burdening the State, further delay would burden the Court. "Here, the crime that resulted in two deaths took place over a year and a half ago. Allowing the Defendant to withdraw his plea would result in further delay in providing justice."[43] In addition the Trial Court noted, "It would also burden both the State and the Court with scheduling the accomplices to testify for a trial."[44] Nothing in the record, and certainly nothing in Lacombe's APCR Motion, convinces this Court that a different result would have obtained had counsel presented the

---

[42] *Id.* The Court finds that the letters were forwarded to the Court either at Lacombe's request or with his knowledge and consent.
[43] D.I. 138 at 7.
[44] *Id.*

8

argument "properly." Presumably, the argument is presented "properly" in the APCR, and it too fails to persuade.

9. Next, Lacombe argues that he did not knowingly and voluntarily enter his plea. He bases this argument largely on his mental health issues. Certainly, the Trial Court was well aware of Lacombe's mental condition, having been provided with two reports assessing his mental condition. The first was a psychiatric/psychological report filed on November 21, 2012.[45] The second was submitted in conjunction with his plea of guilty but mentally ill.[46] The Trial Court was plainly aware of Lacombe's mental health when it accepted his plea of guilty but mentally ill, when it denied his motion to withdraw that plea, and when it sentenced him. The Trial Court carefully reviewed the plea colloquy and found that Lacombe knowingly and voluntarily entered his plea when it denied his motion to withdraw his plea. Again, nothing in the record, and nothing in the APCR Motion convinces this Court that the plea was not knowingly and voluntarily entered.

10. Finally, with regard to his attempt to withdraw his guilty plea, Lacombe claims counsel was ineffective in not presenting a claim of legal innocence. In this case he means legal innocence in the sense that he was not guilty of intentional murder, or felony murder, as opposed to innocence in fact.[47] The Court has

---

[45] D.I 25.
[46] D.I. 106. Letter from Clarence Watson, JD, MD to the Honorable M. Jane Brady dated September 8, 2014 and filed with the Prothonotary September 19, 2016.
[47] Felony murder would have resulted, at a minimum, in a sentence of life without parole.

thoroughly reviewed the record, including Lacombe's comment at sentencing, "And I took matters into my own hands, and went to plan these robberies."[48] He also confessed to shooting both victims during a planned robbery attempt. Co-defendant testimony would have further incriminated him. Finally, he admitted his guilt during the plea colloquy. Wishcasting legal innocence is not a sufficient basis to advance a claim of legal innocence.

11. Accordingly, it is clear to the Court that none of Lacombe's claims of ineffective assistance of counsel related to his attempt to withdraw his plea can overcome *Strickland's* prejudice prong. Moreover, since it is also clear to the Court, even in light of the APCR Motion, that Lacombe had no meritorious basis to withdraw his plea, the Court cannot say that counsel failed to meet *Strickland's* performance standard in the manner by which she presented Lacombe's motion to withdraw his guilty but mentally ill plea.

12. The Court next turns to Lacombe's claim that counsel was ineffective in failing to challenge Delaware's death penalty statute. In 2016, Delaware's death penalty statute was invalidated in *Rauf.* The result in *Rauf* was presaged by the United States Supreme Court's decision in *Hurst v. Florida.*[49] Obviously, those decisions in 2016 occurred years after counsel was making her real-time decisions in 2013 based on then valid Delaware law. Lacombe argues that counsel was ineffective

---

[48] Appx. APCR, Vol. 3, at 577.
[49] 136 S. Ct. 616 (2016).

10

for failing to realize in 2013 that in 2016 *Hurst,* a Florida case, would be granted *certiorari* by the United States Supreme Court in late 2014,[50] that the United States Supreme Court would declare Florida's death penalty statute unconstitutional in 2016, and then finally that the Delaware Supreme Court would invalidate Delaware's death penalty statute the same year. That degree of prescience is not required by *Strickland's* performance prong. Further, had the law not developed as it did, and had counsel pursued an unsuccessful constitutional challenge, it is not at all clear that Lacombe would have received the same plea offer. Had he gone to trial and received a death sentence, it does not require much imagination to envision the focus of a future ineffective assistance of counsel claim.

13. Lacombe's final claim is that *Rauf* made the entry of his plea defective. Relying on *Powell v.* State,[51] he argues that *Rauf's* retroactive "watershed rule" implicates his decision to plead guilty. The Court disagrees. The rule in *Rauf* that *Powell* made retroactive applied to Powell's death sentence. It did not apply retroactively to decisions to plead guilty to avoid a death sentence.[52] There is no defect in Lacombe's plea.

---

[50] 2014 WL 10294726 (U.S.).
[51] 153 A.3d 69 (Del. 2016).
[52] *See, Brice v. State,* 2017 WL 6028875 (Del. Super.).

11

**NOW, THEREFORE,** the Defendant's Amended Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

12